U.S. DISTRICT COURT
FILED
SEP 30 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN D. KRUPA, 1082952, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-2906-L |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent William Stephens is Director of the TDCJ-CID.

**Statement of the Case:** On December 20, 2001, Petitioner was convicted of aggravated sexual assault of a child and sentenced to thirty years confinement. *State of Texas v. John Damon Krupa*, No. F-983221-PN (195th Crim. Dist. Ct., Dallas County, Tex., Dec. 20, 2001). On January 14, 2003, Petitioner's conviction and sentence were affirmed on direct appeal. *Krupa v. State*, No. 05-02-00116-CR (Tex. App. – Dallas, pet. ref'd). On June 11, 2003, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review.

On February 20, 2003, Petitioner filed his first state habeas petition. *Ex parte Krupa*, No. 56,048-01. On July 30, 2003, the Texas Court of Criminal Appeals dismissed the petition because Petitioner's direct appeal was still pending. On November 17, 2005, Petitioner filed his second state habeas petition. *Ex parte Krupa*, No. 56,048-02. On February 22, 2006, the Court of Criminal Appeals denied the petition without written order. On August 18, 2009, September 25, 2009, and January 21, 2010, Petitioner filed his third fourth and fifth state habeas petitions. *Ex parte Krupa*, Nos. 56,048-03, -04, -05. Those petitions were dismissed as subsequent petitions.

On May 3, 2011, Petitioner filed a federal § 2254 petition. *Krupa v. Thaler*, No. 3:11-CV-288-L (N.D. Tex.). On July 31, 2012, the district court dismissed the petition as barred by the statute of limitations. On February 1, 2013, the Fifth Circuit Court of Appeals denied a certificate of appealability. *Krupa v. Thaler*, No. 12-10835 (5th Cir. Feb. 1, 2013).

On July 25, 2013, Petitioner filed the instant § 2254 petition. He argues:

1. He is actually innocent;

2. The jury instructions were not followed;

3. Exculpatory documents were withheld from trial;

4. He received ineffective assistance of counsel; and

5. The indictment was altered.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly

discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this ___ day of _____, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).